IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

MICHAEL TODD JONES, )
        Petitioner, )
)
v. )
) Civil No. 7:07-CV-093-O
NATHANIEL QUARTERMAN, Director, )
Texas Department of Criminal Justice, )
Correctional Institutions Division, )
        Respondent. )

MEMORANDUM OPINION AND ORDER

This is a petition for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 by an inmate confined in the Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas. On April 9, 1986, in the 331st District Court of Travis County, Texas, pursuant to his plea of guilty, the Petitioner, Michael Todd Jones, was convicted for the offense of aggravated robbery and sentenced to thirty-years confinement. *Petition ¶¶ 1-5*; *Ex parte Jones, App. No. 16,561-01, 1701603 at pp. 22-24.*[1] In the instant case, Jones challenges the validity of his parole revocation. Therefore, a recitation of the procedural history of his conviction is unnecessary.

This Court has reviewed the state records submitted by Respondent and has determined that Respondent's recitation of the procedural aspects of Petitioner's parole revocation is accurately detailed as follows (footnotes omitted):

> On December 20, 2002, the Texas Department of Criminal Justice, Parole Division (the "Board"), released Jones to mandatory supervision, with a maximum discharge date of January 23, 2016. *Ex parte Jones*, No. 16,561-10, 2287912 at 210-11. On or about January

---

[1] Jones has filed a total of eleven state habeas applications. Some of the applications have multiple volumes. Therefore the Court will refer to individual volumes by the "EventID" which is located on the cover of each volume. "*Ex parte Jones*, [writ number], [EventID] at [page]."

25, 2004, while still subject to the terms of his supervised release, Jones was arrested for committing a first degree aggravated robbery, alleged to have occurred that same day. *Id.* at 189, 227. On January 26, 2004 - as a result of the new arrest - the Board issued a pre-revocation arrest warrant. *Id.* at 189, 193, 216–20. On January 29, 2004, the Board gave Jones written notification that he was in violation of the terms of his supervised release, and fully informed him of his due process rights. *Id.* at 206–07.

On February 3, 2004, the police executed a second affidavit for a warrant of arrest, alleging that Jones had committed a second, unrelated aggravated robbery, also on January 25, 2004. *Ex parte Jones*, No. 16,561-10, 2287912 at 235-36. On February 23, 2004, a grand jury formally indicted Jones for the two separate aggravated robberies (each alleged to have occurred on January 25, 2004), in cause numbers D1-DC-2004-200427 and D1-DC-2004-300237. *Id.* at 189-90, 229-30, 237. On November 22, 2005, Jones pleaded guilty to the lesser included offenses of theft (a Class A misdemeanor), for both cause numbers D1-DC-2004-200427 and D1-DC-2004-300237. *Id.* at 189-90, 223-25, 231-33. Jones was sentenced to one year imprisonment for each offense - to be served concurrently - but given credit for the twenty month, pre-plea period of incarceration. *Id.* at 224, 231. On November 29, 2005, Jones was arrested pursuant to the January 26, 2004 prerevocation warrant issued by the Board. *Id.* at 189, 194. On November 29, 2005, the Board again gave Jones written notification that he was in violation of the terms of his supervised release, and fully informed him of his due process rights. *Id.* at 206. On December 1, 2005, Jones requested that a revocation hearing be held. *Id.* at 207.

On December 27, 2005, a revocation hearing was held. *Id.* at 197-202. The hearing officer found that Jones violated the terms and conditions of his mandatory supervision by, (1) violating state law as evidenced by Jones's guilty pleas to the theft convictions in cause numbers D1-DC-2004-200427 and D1-DC-2004-300237, and (2) failing to pay parole supervision fees. *Id.* at 200-01. On January 3, 2006, the central hearing section of the Board revoked Jones's mandatory supervised release, based upon the findings of the hearing officer. *Id.* at 195. Upon return to TDCJ custody, Jones was given jail credit toward his sentence in cause number 80,946 for his pre-plea incarceration period, but did not receive "street-time" credit toward his sentence for the period between his release to mandatory supervision and his arrest in February 2004. Exhibit A.

Jones filed a state application for writ of habeas corpus challenging this revocation on September 1, 2006. *Ex parte Jones*, No. 16,561-10, 2287912 at 2. On May 23, 2007, the Court of Criminal Appeals denied his application, without written order on the findings of the trial court. *Id.* at cover. Jones then filed this federal petition for writ of habeas corpus on June 13, 2007. Fed. Writ Pet., at 9.

*Respondent Quarterman's Answer with Brief in Support at pp. 2-4 (hereinafter "Answer at p. __").*

Petitioner now seeks federal habeas corpus relief on the following grounds:

1. lack of "due diligence" on the part of the state because the pre-revocation arrest warrant was withdrawn and he was unlawfully re-arrested pursuant to the same warrant;

2. denial of the right to confront and cross-examine his parole officer;

3. denial of the right to a fair hearing, and;

4. the state habeas court abused its discretion when it accepted the state's recommendation to deny relief.

*Petition ¶¶ 12.A-C; Petitioner's § 2254 Memorandum at pp. 15-17.*

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "the Act"), Pub. L. 104-132, 110 Stat. 1214, under which we now have a heightened standard of review in federal habeas corpus proceedings. Title I of the Act substantially changed the way federal courts handle such actions. The AEDPA applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326, 117 S.Ct. 2059, 2063 (1997). Petitioner filed the instant petition after the effective date of the AEDPA. Therefore, Title I of the Act applies to his petition.

The AEDPA provides in pertinent part:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

28 U.S.C.A. § 2254(d) (West 2001).

Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). Under § 2254(d)(2), the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court (1) unreasonably applies the correct legal rule to the facts of a particular case or (2) it unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 407. The standard for determining whether a state court's application was unreasonable is an objective one.

This standard of review applies to all federal habeas corpus petitions which, like the instant case, were filed after April 24, 1996, provided that they were adjudicated on the merits in state court. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Resolution on the merits in the habeas corpus context is a term of art that refers to the state court's disposition of the case on substantive rather than procedural grounds. *Green v. Johnson*, 116 F.3d 1115, 1121 (5th Cir. 1997). Upon a finding of state court compliance with the "contrary to" clause of 28 U.S.C. § 2254(d)(1), federal courts give deference to the state court's findings unless such findings violate the "unreasonable application" clause of 28 U.S.C. § 2254(d)(2). *Chambers*, 218 F.3d at 363. The "unreasonable application" clause concerns only questions of fact. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). The resolution of factual issues by the state court are afforded a presumption of correctness and will not

be disturbed unless the habeas petitioner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Sumner v. Mata*, 449 U.S. 539, 550 (1981).

In his first ground for relief, Petitioner claims that the state failed to exercise "due diligence" because the pre-revocation arrest warrant was withdrawn and, therefore, the state had relinquished custody under that warrant. Petitioner claims that he was later unlawfully re-arrested on the same warrant. He argues that the parole revocation hearing was precluded because the state failed to overcome his defense that the state failed to exercise due diligence in arresting him on a withdrawn warrant. Petitioner cites two exhibits, an Interoffice Memorandum from Minnie Bell Smith and an Austin Police Department "Tlets Message," as evidence that the Sheriff's Department expected a second warrant to follow. *See Petitioner's § 2254 Memorandum, Exhibits at pp. 6-7.* Review of the documents cited by Petitioner indicates that the original warrant, issued on January 26, 2004, would "follow" or would be "re-published." *Id.* There is nothing to indicate that a second warrant was forthcoming.

In the state habeas proceeding, the Court of Criminal Appeals adopted the following findings of fact as to Jones' due diligence claim:

> With regard to the applicant's claim, in Ground No. One, of a due diligence violation, the applicant has not established any failure of the State to comply with any deadline stated in the Texas Government Code § 508.282. The applicant has not otherwise established any failure by the State to act with due diligence.
>
> The pre-revocation warrant issued by TDCJ-Parole Division on January 26, 2004, was not withdrawn. The applicant was arrested pursuant to that warrant on November 29, 2005, one week after the date (November 22, 2005) on which the applicant pled guilty to misdemeanor theft in Cause No. D-1-DC-04-200427 and in Cause No. D-1-DC-04-300237.

*Ex parte Jones*, No. 16,561-10, 2287912 at cover, 254.

The Court of Criminal Appeals adopted the following conclusions of law as to Jones' due diligence claim:

> With regard to the applicant's claim, in Ground No. One, of a due diligence violation, the cases cited by applicant are inapposite. The applicable deadlines are set forth in Texas Government Code section 508.282. The applicant has not established any due diligence violation.

*Id.* at cover, 255. While Jones reasserts his due diligence claim in the instant case, he has failed to demonstrate that the state court's disposition with regard to this claim constituted a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C.A. § 2254(d) (West 2009). Therefore, he is not entitled to relief on this ground.

In his second ground for relief, Jones claims that he was denied his Sixth Amendment right to confront and cross-examine his parole officer about the parole warrant and about the report upon which the revocation was based. *Petition ¶ 20.B.* Petitioner argues that, even though he admitted the factual allegations against him with regard to violating his parole, he could have elicited testimony of mitigating evidence from his parole officer. *Petitioner's § 2254 Memorandum pp. 6-10.*

At the revocation hearing, Jones' attorney objected to the admission or consideration of the parole officer's violation report. He argued that it would violate Jones' Sixth Amendment right to confront and cross-examine the officer. *Ex parte Jones*, No. 16,561-10, 2287912 at 198-99. The hearing officer sustained the objection, ruled that the violation report would have no evidentiary weight, and stated that it would not be considered and that it would be attached to the record for administrative purposes only. *Id.* Thus, the record contradicts Jones' claim of a Sixth Amendment violation. The parole officer did not testify and no evidence from the officer was admitted or

considered by the hearing officer in making her decision. *Id.* at 190-91, 198-99, 254. *See Williams v. Johnson*, 171 F.3d 300, 305-06 (5th Cir. 1999) (Sixth Amendment confrontation clause violation found where hearing officer actually considered the absent parole officer's affidavit in support of the violation).

Moreover, complaints of uncalled witnesses are not favored in federal habeas corpus review because allegations of what a witness would have testified are largely speculative. *Lockhart v. McCotter*, 782 F.2d 1275, 1282 (5th Cir. 1986). Where the only evidence of a missing witness's testimony is provided by the habeas petitioner, federal courts view his claims with great caution. *Id.* (citing *Schwander v. Blackburn*, 750 F.2d 494, 500 (5th Cir. 1985)). A meritorious claim of uncalled witnesses requires that a habeas petitioner show not only that the testimony would have been favorable, but also that the witness would have so testified during the proceeding. *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985).

Jones has failed to meet these standards. He has not offered any information regarding the substance of the parole officer's testimony and he has not shown that the parole officer would have so testified. All Petitioner has provided is a conclusory statement that he would have solicited testimony of mitigating evidence from his parole officer. Conclusory allegations such as this are insufficient to raise a constitutional issue in a habeas corpus proceeding. *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983).

In the state habeas proceeding, the Court of Criminal Appeals adopted the following findings of fact as to Jones' Confrontation Clause claim:

> With regard to the applicant's claim, in Ground No. Two, that he was denied the right to confront and cross-examine his parole officer, the record reflects that that parole officer did not testify at the parole revocation hearing. No testimonial statements of that parole officer were introduced into evidence at the hearing. A violation report prepared by that parole

officer was not admitted as evidence and was attached to the hearing report for administrative purposes only. No evidentiary weight was given to that violation report in making a finding. No out-of-court statements of the parole officer were considered by the hearing officer as proof of any matter asserted therein. Because the hearing officer did not admit into evidence any testimonial statements of the parole officer, there was no violation of the applicant's rights of confrontation and cross-examination.

*Ex parte Jones*, No. 16,561-10, 2287912 at cover, 254-55.

The Court of Criminal Appeals adopted the following conclusions of law as to Jones' Confrontation Clause claim:

The applicant has not established any violation of his rights to confrontation and cross-examination.

*Id.* at cover, 255. While Jones reasserts his Confrontation Clause claim in the instant case, he has failed to demonstrate that the state court's decision with regard to this claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C.A. § 2254(d) (West 2009). Therefore, he is not entitled to relief on this ground.

In his third ground for relief, Jones asserts a collateral estoppel violation because the State District Attorney attended the revocation hearing and re-litigated issues of fact. *Petition ¶ 20.C*. Specifically, Petitioner argues that, two months after his plea of guilty to misdemeanor theft, the prosecutor attended his parole revocation hearing and brought up Petitioner's past, stigmatizing him as a danger to society and dictating the outcome of the parole hearing, all for purposes of vindictiveness because the prosecutor failed to convict Petitioner of a greater offense. *Petitioner's § 2254 Memorandum pp. 10-15*. Petition argues that the prosecutor was collaterally estopped from re-litigating fact issues already resolved in his criminal case. *See id.*

In a federal habeas corpus proceeding, collateral estoppel does not exist as a cognizable due process claim absent a double jeopardy violation. *Parr v. Quarterman*, 472 F.3d 245, 254 (5th Cir. 2006) (citing *Showery v. Samaniego*, 814 F.2d 200, 203 (5th Cir.1987)). To invoke collateral estoppel in a federal habeas proceeding, a petitioner must demonstrate a double jeopardy violation. This is because collateral estoppel is "embodied in the fifth amendment guarantee against double jeopardy." *Showery*, 814 F.2d at 203 (quoting *Ashe v. Swenson*, 397 U.S. 436, 445 (1970)). Unfortunately, double jeopardy does not apply in the context of a parole revocation proceeding. *Id.* (citing *United States v. Whitney*, 649 F.2d 296, 298 (5th Cir. 1981)). Therefore, to the extent, if any, that Jones' collateral estoppel claim may be construed as a double jeopardy claim, he is not entitled to relief. *See Parr*, 472 F.3d at 254.

In the state habeas proceeding, the Court of Criminal Appeals adopted the following findings of fact as to Jones' collateral estoppel claim:

> With regard to the applicant's complaint, in Ground No. Three, about a collateral estoppel violation, Assistant District Attorney John Lopez participated in the revocation hearing only as a witness, not as a prosecutor or as counsel to a party in that proceeding. Mr. Lopez had previously prosecuted the cases that resulted in the applicant's two theft convictions. In the revocation hearing, the testimony of Mr. Lopez was relevant to the issue of whether the applicant violated Rule 2 by committing those thefts. In the revocation hearing, Mr. Lopez did not "re-litigate" any claim or issue.

*Ex parte Jones*, No. 16,561-10, 2287912 at cover, 255.

The Court of Criminal Appeals adopted the following conclusions of law as to Jones' collateral estoppel claim:

> With regard to Ground No. Three, the applicant has not established any collateral estoppel violation. The doctrine of collateral estoppel or issue preclusion does not apply in this context. *See Hardman v. State*, 614 S.W.2d 123, 128 (Tex. Crim. App. 1981); *State v. Durham*, 860 S.W.2d 63, 67-68 (Tex. Crim. App. 1993)

*Id.*. While Jones reasserts his collateral estoppel claim in the case at bar, he has failed to demonstrate that the state court's decision with regard to this claim was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or was based on an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C.A. § 2254(d) (West 2009). Therefore, he is not entitled to relief on this ground.

In his final ground for relief, Jones claims that the state habeas court abused its discretion when it accepted the state's recommendation to deny relief. *Petitioner's § 2254Memorandum pp. 15-17.* He argues that, rather than develop the facts, the state habeas court merely accepted the opinions and unsubstantiated hearsay. *Id.* "Infirmities in state habeas proceedings do not constitute grounds for federal habeas relief." *Henderson v. Cockrell*, 333 F.3d 592, 606 (5th Cir. 2003) (quoting *Duff-Smith v. Collins*, 973 F.2d 1175, 1182 (5th Cir. 1992)). Therefore, Petitioner is not entitled to relief on this ground.

Jones has failed to make a showing that revocation of his parole or the state court's denial of his art. 11.07 habeas application resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C.A. § 2254(d) (West 2007). The record in this case clearly supports the revocation of Jones' parole. Absent a claim that he has been deprived of some right secured to him by the United States Constitution or laws, Jones is not entitled to habeas corpus relief. *See Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir. 1983).

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus is DENIED.

Copies of this Memorandum Opinion and Order shall be transmitted to Petitioner and to Counsel for Respondent.

SO ORDERED this 10th day of March, 2009.

_____
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**